**Tim Eblen, Oregon Bar No. 050252**
Trial Attorney for Plaintiff
Eblen Freed LLP
1040 NE 44th Ave. Suite 4
Portland, Oregon 97213
tim@eblenfreed.com
Phone 503-548-6330
Fax 503-548-6333
**Michelle Freed, Oregon Bar No. 042880**
**James Tschudy, Oregon Bar No. 141956**
Of Attorneys for Plaintiff
Eblen Freed LLP

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **DIANA MARIE ROBBINS**, a.k.a. **DIANA MARIE AUSTIN**, a consumer residing in Linn County, <br><br>　　　　　　　　Plaintiff, <br><br>　　　v. <br><br>**COLUMBIA COLLECTION SERVICE, INC**., et al., <br><br>　　　　　　　　Defendants. | Case No. 6:15-cv-00821-AA <br><br> **ORAL ARGUMENT REQUESTED** <br><br> **PLAINTIFF'S REPLY TO DEFENDANT'S OBJECTION TO PLAINTIFF'S STATEMENT OF ATTORNEY FEES AND COSTS** |

### INTRODUCTION

　　　Defendant makes many bald assertions of fact, without factual or legal support. Plaintiff submits the following brief reply to Columbia's Objections to Plaintiff's Statement of Attorney Fees and Costs.

I.   Was the Result Obtained by Plaintiff a Success?

**A.  Plaintiff's claims against the Defendants were viable.**

Defendant Columbia Collection asserts that Plaintiff did not have a viable claim against it. The reasons it sets forth for such a conclusion are strained. Columbia Collection admits that it garnished more money from Ms. Robbins than she owed, but asserts that any FDCPA claim against it would have been barred by the statute's one year limitation period. Yet, it concedes that Ms. Robbins did not learn of its wrongful garnishments until about July 2014, which is within the one year limitation period. Declaration of Galvan, ¶22-25. Columbia Collection fails to apply the discovery rule then, when it asserts that any claim against it is barred. Magnum v. Action Collection Service, Inc. 575 F.3d 935, 940 (9th Cir. 2009).

**B.  Plaintiff incurred actual damages as a result of the Defendants' wrongful garnishment of her earnings.**

Defendant Columbia Collection makes the assertion that Ms. Robbins has not been damaged as a result of being wrongfully garnished. Columbia Collection has no basis of knowledge with which to make such an assertion. Ms. Robbins tried to disabuse Columbia Collection of its notion that she suffered no damages during settlement negotiation by notifying Columbia Collection that Ms. Robbins did incur economic and noneconomic harm from the wrongful garnishment. Declaration of Eblen, ¶3. Columbia's continued insistence, as if it is fact, that she suffered no damages defies logic. Ms. Robbins experienced significant impact from the wrongful garnishments she endured. Declaration of Robbins, ¶10-11.

///

///

**C. Defendants actions do not support the assertion that they treated this as a nuisance settlement.**

Ms. Robbins was sent a refund check by a debt collector for $1,352.81 of garnished funds. *Res Ipsa Loquitur*: Liability against Defendants was clear from the outset. Defendants globally sought to quickly end this litigation by conceding liability and offering to compensate Ms. Robbin's in an amount fifteen times the maximum statutory damage allowed under the FDCPA, and seventy-five times the maximum statutory damage allowed under the UTPA.

Columbia misconstrues the cap Plaintiff placed on her damages as an assessment of her actual damages. In doing so, Columbia attempts to portray Ms. Robbins degree of success as a small fraction of that figure. Ms. Robbins complaint prayed for an award of her actual damages in an amount to be determined at trial, but not to *exceed* $500,000.

II. <u>Does the offer of judgment allow Plaintiff to recover for attorney fees and costs incurred in litigating against Providence?</u>

**A. Ambiguities are construed against the drafter**

In analyzing a Rule 68 Offer of Judgment, the 9th Circuit will construe ambiguity against the offeror, and any waiver or limitation with regard to attorney fees must be clear and unambiguous. <u>Erdman v. Cochise County,</u> 926 F.2d 877, 880-81 (9th Cir. 1991). Here, Columbia Collection proffered an offer of judgment with the following language:

> "on behalf of itself, defendant Providence Heath & Services-Oregon ("Providence"), and each of their employees, and agents, by and through Jeffery I Hasson, CCS's attorney of record, offers globally, pursuant to FRCB 68 to allow judgment in favor of Plaintiff against CCS to be entered in the amount of Fifteen Thousand and 00/100ths Dollars ($15,000.00) plus costs, disbursements and reasonable attorney's fees as determined by the court".

Columbia Collection presented its offer of judgment as a global one, made on behalf of itself and Providence. Columbia conditioned acceptance of the offer on dismissing Providence from the lawsuit. If Columbia intended to exclude from the offer, any fees incurred by Plaintiff in bringing its claim against Providence, it could have done so clearly and without ambiguity. It did not. While a judgment was only entered against Columbia, the facts and circumstances here support a conclusion that Plaintiff prevailed against both Defendants. In fact, Columbia attempts to shift blame for wrongfully garnishing too much money from Ms. Robbins to its co-defendant, Providence. Declaration of Galvan, ¶4,7; Columbia Objection, page 3.

**B. Plaintiff's claims against both defendants have a common core of facts**

Plaintiff's claims against both Defendants are so intertwined as to make separating fees incurred in bringing those claims impractical and burdensome. The time spent in gathering the background facts, chronology and evidence to support Plaintiff's claims in this case would be the same regardless of the number of defendants. Columbia's suggestion under these facts, that Plaintiff's fee bill should be reduced by 50%, is no more logical than the suggestion that this time in preparation should be doubled because there were two defendants. Plaintiff's claims against both Defendants involved a common core of facts and were based on related theories, namely that a consumer was subject to unlawful collection activity. That redress for the unlawful activity was brought under a state consumer protection statute as to Providence, and a federal statue as to Columbia should not impact Plaintiff's ability to recover her fees because the claims are not "'distinctly different' [or] based on different facts and legal theories" <u>Daley v. A&S Collection Associates, Inc.</u>, No. CV-09-946-ST, 2010 U.S. Dist. LEXIS 131572, 2010 WL 5137834, (D. Or. Dec. 10, 2010)

Page 4 – REPLY

Eblen Freed LLP
1040 NE 44th Ave. Suite 4
Portland, Oregon 97213
Telephone 503.548.6330

III.  Are Plaintiff's attorney fees and costs reasonable?

   A.  Are the rates reasonable?

Columbia takes pains to point out technical procedural errors Plaintiff's counsel has made, such as failing to email opposing counsel Word versions of discovery requests, and labeling this fee petition a "statement" as is proper in state court, rather than a "motion". If the sole measure of counsels' experience and justification for their requested rate was based on the foregoing, or the number of federal cases associated with their names, perhaps Columbia would be correct in its assertion that counsels' rates should be reduced. However, this narrow lens ignores counsels' years of state court practice, ignores the many cases that counsel successfully resolves without litigation, and ignores counsels' years of experience and specialization in this field of practice. While relatively new to federal court practice, counsel for Plaintiff are experienced in this area of the law.

   B.  Is the time spent reasonable?

Columbia asserts that Plaintiff's counsel spent 15 hours in preparing her complaint. A close review of that time reveals that 5.1 of those hours were spent in initial meetings with Plaintiff, and assessing the viability of her case, and the damages she incurred. While Plaintiff's counsel sees value in careful drafting, they acknowledge that this court may reduce the remaining time spent in preparing the complaint.

Columbia also identifies that Plaintiff incurred 13.1 hours of attorney and paralegal time between when the offer of judgment was made, and when it was accepted. Plaintiff's decision to accept the offer of judgment was very difficult, and she did not arrive at her decision lightly. Declaration of Robbins, ¶20. She necessarily incurred fees for time spent over multiple days discussing the possible outcomes of continuing to litigate her case. Plaintiff also had to seek court assistance during this time to compel discovery so that she could determine when her garnishment became unlawful.

IV.  Should Plaintiff's recovery of her attorney fees and costs be reduced to discourage consumers from filing these kinds of claims?

Columbia Collection baldly asserts that this court should not award any fees or costs to Ms. Robbins. Its reasoning ignores controlling case law that has upheld the importance of enforcing the public policy goals of the FDCPA by awarding a prevailing consumer her attorney fees and costs. This court has previously recognized that adverse fee awards can have a chilling effect on future litigation. Turner, et al v. Corporation "X" No. 6:07-CV-01310-AA, (D. Or. 2007), Docket No. 994. Plaintiff's counsel is among a small group of consumer protection attorneys in Oregon who litigate FDCPA claims. When undertaking enforcement of the FDCPA, these attorneys do so on a contingency basis, thereby taking great risk that they may not be paid for the time they spent in representing the consumer and holding a debt collector accountable for its unlawful activity. The enforcement mechanism of the FDCPA only works if those attorneys who undertake the enforcement can continue to operate.

Ms. Robbins was subjected to wrongful garnishment for over a year. She received no explanation, and no apology when some of her money was returned to her. Should Ms. Robbins be penalized for enforcing her consumer rights against the Defendants? Plaintiff maintains the answer to that question is self-evident.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully request an award of her full fees and costs.

EBLEN FREED LLP

/s/ Tim Eblen
Tim Eblen, OSB # 050252
Of Attorneys for Plaintiff