**Tim Eblen, Oregon Bar No. 050252**
Trial Attorney for Plaintiff
Eblen Freed LLP
1040 NE 44th Ave. Suite 4
Portland, Oregon 97213
tim@eblenfreed.com
Phone 503-548-6330
Fax 503-548-6333
**Michelle Freed, Oregon Bar No. 042880**
**James Tschudy, Oregon Bar No. 141956**
Of Attorneys for Plaintiff
Eblen Freed LLP

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **DIANA MARIE ROBBINS**, a.k.a. **DIANA MARIE AUSTIN**, a consumer residing in Linn County, | Case No. 6:15-cv-00821-AA |
| Plaintiff, | **DECLARATION OF DIANA ROBBINS IN SUPPORT OF PLAINTIFF'S STATEMENT OF ATTORNEY FEES AND COSTS** |
| v. | |
| **COLUMBIA COLLECTION SERVICE, INC**., et al., | |
| Defendants. | |

I, Diana Robbins, declare:

1.      I am the Plaintiff in this action, represented by Eblen Freed, LLP.

///

///

2.      On January 15, 2005 I was injured in a hit and run collision on Interstate 84 in Portland,

OR.  I was transported via ambulance to Providence medical center for treatment.  I made

subsequent visits for treatment to Providence facilities related to the injuries, as well as other

medical needs over the subsequent years.  I did not have health insurance.

3.      I pursued a claim with my auto insurance policy's uninsured motorist coverage and

enlisted an attorney to assist me.  The claim did not pay enough to cover all the bills.

4.      The claim took many months to process, and with an unstable income, I was unable to

make any payments on the other unpaid bills.

5.      In June of 2009 I was sued by Columbia Collections for outstanding bills owed to

Providence.  Because I knew I owed Providence, I did not respond to the lawsuit.  I attempted to

work out a payment plan with Columbia, but was not able to follow through due to my financial

situation.

6.      During this time I was working as an independent contractor for Aflac, and in the midst

of building a book of business. I was paid on commission and had to cover all business related

expenses and taxes.  As a result, my income and expenses varied greatly each month.

7.      The economic recession during this time hampered my efforts to grow the book of

business.  Client companies were laying people off and employees were nervous about investing

their money in anything but bare essentials.

8.      Columbia issued numerous garnishments to Aflac and to my bank accounts, which

strained my professional relationship with Aflac and was personally embarrassing.   My

immediate supervisors were aware of the garnishments, and I felt my positon was precarious as a

result.  The garnishments had a tremendous impact on my ability to budget and manage the

already inconsistent income.

Eblen Freed LLP
1040 NE 44th Ave. Suite 4
Portland, Oregon 97213
Telephone 503.548.6330

9.      In 2011 in addition to challenging a garnishment, I also requested that Providence forgive the bills due to my circumstances and the fact that the bills resulted from a hit and run.

10.      From 2011 to 2014, the garnishments affected my finances to the point that I had to twice move out of a rental and move in with family.  This was again personally embarrassing to end a lease and to rely on my mother and my sister to help me.  I also lost contents of a storage unit that was auctioned off for inability to pay and had to surrender a vehicle to a lender.  In addition to these specific occurrences, I was in constant fear of what would be taken and struggling month to month just to meet basic needs.  There were many times I could not afford the gas to travel for work.  My credit rating was low and I was unable to improve it, in large part due to the Columbia judgment.  I was overwhelmed.

11.      The stress and strain of the garnishments and the effect on my finances contributed significantly to problems in my marriage, which went onto a state of separation.

12.      Had I been able to pay the Providence bills when they were due, I would have. Had I been able to afford scheduled payments, I would have made them. I did make inquiries with the Providence Medical Billing office early on in an attempt to explain my situation and to see if they might have any sort of financial hardship assistance or grace for those unable to pay. As I did not have any medical insurance at the time and the personal injury coverage under my auto insurance plan had already paid out on the claim.

13.      When I received the bank account garnishment in March of 2014, I could not believe that the bills had not been paid off yet.  I called Providence to try to figure out where I stood.  I had to call back several times to talk to different people because I kept getting different information.

14.      During the call, Providence went through the dates of service and locations and discovered that several entries were for other patients, and at one point was told I had no

outstanding balance. After a long hold, I was told that I only owed $3.93. I was beside myself. I did not understand how the garnishment paperwork showed that I still owed over $2,000. I was also confused by Providence's records and the multiple phone calls I had with them.

15.     I filed a challenge to the garnishment and reached out to Columbia to get the accounting. I thought perhaps there were fees and interest still owing after payment to Providence, but I did not think it should be so much remaining.

16.     I had requested that Columbia provide an itemization as to how the funds taken from me to date had been applied to my account and to clarify to me why I would have such a balance owing at that point in time. I did not get a response from them or any information nor was I able to speak with Columbia prior to the hearing set on my garnishment challenge. I appeared at the hearing and explained what Providence had told me.  Columbia insisted that the balance remaining was accurate and did not provide any breakdown of the original bills and application of payments.

17.     After the garnishment hearing, I continued to communicate with Columbia to try to get documents and an explanation of where the remaining balance came from. I felt I was getting nowhere and being given the run around. In the meantime, the garnishment remained in effect on my bank account, and I was very concerned about continuing to be garnished.

18.     Months passed, and then finally in July, I received a check from Columbia with no explanation. I called Columbia to get an explanation and was only told that the judgment amount was in error. They did not tell me how the number was calculated or when the error happened. I did not know if this refund was a mistake, or if this was the right amount to correct their error. I was extremely frustrated, thinking of all the time I was dealing with these garnishments and how imposing they had been on my life. I thought the law was supposed to

Eblen Freed LLP
1040 NE 44th Ave. Suite 4
Portland, Oregon 97213
Telephone 503.548.6330

protect me from things like this, and I wondered if this was happening to other people.

19.     Throughout this ordeal, I felt powerless. In my challenges to these garnishments on more than one occasion, I had stated that I did not feel the amounts listed seemed accurate or made sense and yet the garnishments remained in force and continued. In my efforts to reach out to Providence and to Columbia to communicate with them directly, I did not feel that they were very responsive or showed due diligence to adequately investigate their own records to insure that they were in fact correct. Instead, I felt I was being met with an attitude of disregard, dismissiveness and ultimately it appears with levels of dishonesty. It now seems clear that the balance that I had actually owed had been paid and anything taken from me beyond that was not only unfair but also unlawful. Additionally, this was serving to place greater stress on me at a time when I was already undergoing financial, physical and emotional hardship.

20.     The offer of judgment in this case continued the lack of disclosure and lack of clarity that I had experienced. They still had not told me when the garnishment had become improper and why, and were now refusing to provide the documentation to bring forth the facts. I had no basis to know whether what they were offering was reasonable or not. I relied on my attorneys to get more information and properly advise me on my options. It was a difficult decision to make and the time spent on making the decision and the documents my attorneys were able to get from Columbia and Providence were critical in my decision to accept the offer.

21.     Mistakes and errors have been admitted to on the part of Providence and Columbia as related to the billing where I am concerned in this matter. It is my understanding that a judgment has now been entered against Columbia Collections. Yet, in an effort to minimize their damages, it stands to reason that opposing counsel would seek to discredit me and this case as that is all they really can attempt to do since their client is at fault. In this matter, I stand not only for

Eblen Freed LLP
1040 NE 44th Ave. Suite 4
Portland, Oregon 97213
Telephone 503.548.6330

myself, but for all consumers facing unfair business and collection practices.

22.     I was within my rights to seek legal counsel in this matter from Eblen Freed and I believe they have served me well in arguing this case on my behalf. This firm has spent numerous hours preparing my case and doing their due diligence to see to it that justice is served on my behalf. I believe that their legal fees are fair, accurate and within reason for their time spent on this case and I believe that we, together, are being very reasonable in accepting a settlement offer and then seeking compensation for legal services rendered in the case.


I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY


Dated this 29th day of October, 2015


/s/ Diana Robbins
Diana Robbins

Eblen Freed LLP
1040 NE 44th Ave. Suite 4
Portland, Oregon 97213
Telephone 503.548.6330