IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DIANA MARIE ROBBINS, a.k.a.                 Case No. 6:15-cv-00821-AA
DIANA MARIE AUSTIN                                OPINION AND ORDER

        Plaintiff,

    v.

COLUMBIA COLLECTION SERVICE,
INC.,

        Defendant.

_____

Tim Eblen
Michelle Freed
James Tschudy
Eblen Freed LLP
1040 N.E. 44th Avenue, Suite 4
Portland, Oregon 97213
    Attorneys for Plaintiff

Jeffrey I. Hasson
Davenport & Hasson, LLP
12707 N.E. Halsey Street
Portland, Oregon 79230
    Attorney for Defendant

AIKEN, Chief Judge:

## BACKGROUND

This dispute over attorney's fees arises out of plaintiff Diana Marie Robbins's claim alleging that defendants Columbia Collection Service, Inc., ("Columbia") and Providence Health & Services-Oregon ("Providence") violated the Fair Debt Collection Practices Act ("FDCPA"). 15 U.S.C. § 1692 et seq.; Compl. 3-5. The parties reached a settlement including $15,000 in damages and dismissal of defendant Providence. Doc. 21. The parties agreed attorney's fees would be determined after settlement. Id.

## STANDARD

Under the FDCPA, a prevailing party is entitled to reasonable attorney's fees and costs as determined by the court. See 15 U.S.C. § 1692k(a)(3). A determination of reasonable attorney's fees begins with the "lodestar," which is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 478 U.S. 546, 563-64 (1986). Plaintiff carries the burden of proving the lodestar. Id. The factors to be considered in determining the lodestar figure include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the

Page 2 - OPINION AND ORDER

amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys, (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Kerr v. Screen Extras Guild, 526 F.2d 67, 70 (9th Cir. 1975). Only those factors which are applicable need be addressed. Sapper v. Lenco Blade, Inc., 704 F.2d 1069 (9th Cir. 1983).

A court has discretion to reduce attorney's fees to ensure rates are "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Chaudhry v. City of Los Angeles, 751 F.3d 1096, 1110 (9th Cir. 2014) (citations and quotation marks omitted). In addition, a court may exclude billed hours "for which it would be unreasonable to compensate the prevailing party." Gonzalez v. City of Maywood, 729 F.3d 1196, 1203 (9th Cir. 2013) (citations and quotation marks omitted). Finally, a court may reduce an attorney's fee award based on the level of success achieved by the plaintiff. Hensley v. Eckerhart, 461 U.S. 424, 435 (1983).

## DISCUSSION

Plaintiff requested a total of $14,817.50 in attorney's fees for 42.9 hours billed. Pl.'s Statement of Att'y Fees and Costs 2. Columbia opposes plaintiff's request, arguing: (1) Columbia is not responsible for fees incurred pursuing claims against Providence;

(2) plaintiff's hourly rates are excessive; (3) it would be unreasonable to compensate plaintiff for some of the billed hours; and (4) attorney's fees should be reduced based on plaintiff's limited success. Def.'s Objections to Pl.'s Att'y Fees and Costs 6-11.

1.  <u>Attorney's Fees Incurred Against Providence</u>

Columbia asserts plaintiff cannot recover fees related to pursuit of claims against Providence because (1) plaintiff's claims against Columbia arose under a different statute than its claims against Providence and (2) Providence was dismissed from the case. Def.'s Objections to Pl.'s Statement of Att'y Fees and Costs 9-10; Doc. 21.

Columbia's arguments fail. First, even though the claims arose under different statutes, plaintiff's claims against Columbia and Providence arose from the same operative facts. Columbia, on behalf of Providence, sought to collect a debt for unpaid medical services from plaintiff. Compl. ¶¶ 7-10. To that end, in June of 2009 Columbia filed a lawsuit against plaintiff and, after receiving a judgment, garnished plaintiff's wages in August of 2011 to recover the debt. <u>Id.</u> ¶ 9. In March of 2014, plaintiff's wages were further garnished, and plaintiff made several inquiries regarding the payments received because plaintiff believed the debt to be paid off. <u>Id.</u> ¶ 10. Plaintiff was in contact with and received contradictory information from both Columbia and Providence

throughout the process of determining her payments and the remaining balance. Id. at ¶ 11-12, 15. Following several attempts by plaintiff to clarify the balance owed and a hearing regarding the garnishment of her wages, Columbia sent a letter to plaintiff stating her account had a zero balance and included a check refunding her excess payments. Id. at ¶¶ 10-20, 22. Thus, plaintiff's claims against Columbia and Providence are not analytically distinct enough to merit reduction of attorney's fees based on Providence's dismissal.[1]

Second, because Providence was dismissed from the case pursuant to the settlement agreement, neither judge nor jury addressed claims against Providence. Unlike dismissal after a motion for summary judgment, for example, dismissal of a defendant by settlement does not necessarily mean plaintiff's claims against that defendant were invalid. Def.'s Objections to Pl.'s Statement of Att'y Fees and Costs 9; Doc. 21. For these reasons, plaintiff's attorney's fees will not be reduced for any time spent pursuing claims against Providence.

2.    Reasonableness of Hourly Rates

Columbia contends plaintiff's proposed hourly rates are

--------

[1] Even if the claims against Providence were analytically distinct enough to be separated from claims against Columbia, the time necessary for plaintiff to prepare the complaint would not have been reduced by half without the claims against Providence: the bulk of plaintiff's counsel's work on this case was not claim-specific.

Page 5 – OPINION AND ORDER

excessive because plaintiff's counsel's experience does not merit the billing rate. Def.'s Objections to Pl.'s Statement of Att'y Fees and Costs 8. Rather, Columbia asserts, plaintiff's counsel's rate should not exceed the median as determined by the Oregon State Bar Economic Survey ("Survey"). Def.'s Objections to Pl.'s Statement of Att'y Fees and Costs 8; OREGON STATE BAR 2012 ECONOMIC SURVEY, underline available at https://www.osbar.org/_docs/resources/Econsurveys/12EconomicSurvey.pdf. Plaintiff uses the Survey and several declarations to support the requested rates. Pl.'s Statement of Att'y Fees and Costs 2; Baxter Decl. 2; Freed Decl. 2; Fuller Decl. 2; Kuranz Decl. 3; Mutnick Decl. 2-3.

In determining whether a fee is reasonable, a court may consider the rate range established by the Survey. Campista v. Creditors Fin. Grp. LLC, 2014 WL 127083, *3 (D. Or. Jan. 13, 2014). The Survey provides specific data on attorney's fees based on geography and years of experience. For attorneys in Portland with 10-12 years of experience, the median hourly rate is $275 and the 95th percentile hourly rate is $428. OREGON STATE BAR 2012 ECONOMIC SURVEY, 30 available at https://www.osbar.org/_docs/resources/Econsurveys/12EconomicSurvey.pdf. Mr. Eblen and Ms. Freed have practiced for 10 and 11 years, respectively, and their hourly rates are $340. Pl.'s Statement of Att'y Fees and Costs 2. For attorneys in Portland with 4-6 years of experience, the median hourly rate is

$218, and the 95th percentile is $295. OREGON STATE BAR 2012 ECONOMIC SURVEY, 29 <u>available at</u> https://www.osbar.org/_docs/resources/Econ surveys/12EconomicSurvey.pdf. Mr. Tschudy has practiced for 5 years and his hourly rate is $250. Pl.'s Statement of Att'y Fees and Costs 2. Therefore, the requested fees fall between the median and 95th percentile for the attorneys' respective experience levels.[2]

In determining the reasonableness of an hourly rate, a court may consider counsel's specialized experience. <u>Campista v. Creditors Fin. Grp. LLC</u>, 2014 WL 127083, *3 (D. Or. Jan. 13, 2014). Ms. Freed and Mr. Eblen have a reputation for specializing on issues of debt collection. Baxter Decl. 2; Freed Decl. 2; Fuller 2; Kuranz Decl. 3. Mr. Tschudy's practice has focused on debtor and creditor issues. Tschudy Decl. 2. This specialized experience supports an hourly rate above the median for respective experience levels. Thus, the hourly rates of $340 for Mr. Eblen, $340 for Ms. Freed, and $250 for Mr. Tschudy are reasonable.

3. <u>Reasonableness of the Amount of Hours Billed</u>

Columbia next challenges the reasonableness of the number of hours billed by plaintiff's counsel. Def.'s Objections to Pl.'s

---

[2] The requested rates move closer to the median if the Survey's rates are adjusted for inflation. The Survey was compiled in 2012, three years before this matter. Plaintiff applies a 2% annual increase to these figures to account for inflation, which results in the following rate adjustments: For attorneys in Portland with 10-12 years of experience, the median hourly rate is $291 and the 95th percentile hourly rate is $454. For attorneys in Portland with 4-6 years of experience, the median hourly rate is $231, and the 95th percentile is $313. Mem. in Supp. of Pl.'s Statement of Att'y Fees and Costs 4-6.

Statement of Att'y Fees and Costs 9-10. Specifically, Columbia contends plaintiff (1) billed an excessive number of hours for preparing the complaint; (2) billed an excessive number of hours for opposing a discovery deadline extension; (3) should not be compensated for work done after Columbia extended an offer of judgment; and (4) acted in bad faith. As explained below, the Court agrees the number of hours billed for complaint preparation should be reduced, but otherwise finds Columbia's arguments unpersuasive. Id. at 9-11.

Columbia first takes issue with the time allegedly expended preparing the complaint: 9.4 hours by Mr. Tschudy and 5.1 hours by either Ms. Freed or Mr. Eblen. Id. at 9. Columbia does not contest the half-hour billed by plaintiff's paralegal. Hasson Decl. 8. Plaintiff asserts 5.1 hours were "spent in initial meetings with [p]laintiff, and assessing the viability of her case, and the damages she incurred," and acknowledges the Court "may reduce the remaining time spent in preparing the complaint." Pl.'s Reply to Def.'s Objections to Pl.'s Statement of Att'y Fees and Costs 5.

Plaintiff's ten-page complaint includes three claims against Columbia pursuant to three different sections of the FDCPA, and one unlawful trade practices claim against Providence pursuant to Oregon statute. Compl. ¶¶ 24-27. Considering the relative brevity of the complaint and the straightforwardness of the claims, plaintiff's request for a total of 15 hours of fees in preparing

the complaint is excessive. See Campista v. Creditors Fin. Grp. LLC, 2014 WL 127083, *4 (D. Or. Jan. 13, 2014) (finding, in an FDCPA case, 11.5 hours is a reasonable amount of time billed for "opening the file, researching potential claims, and drafting the [c]omplaint"); Masood v. Capital Credit & Collection Serv., Inc., 2006 WL 294795, *2 (reducing 30.2 hour complaint request to 12 hours in Fair Credit Reporting Act case). Plaintiff's counsel's expertise in the area of consumer debt protection should streamline the complaint-drafting process. This Court limits the award of attorney's fees for the complaint to 10 hours, including the half-hour of paralegal fees. The 5 hour reduction is taken proportionally from each attorney's billing rate. Instead of the requested $4,141.50, plaintiff is awarded a total of $2,732.52 in fees for preparation of the complaint.[3]

Columbia next challenges the amount of time billed by plaintiff in opposing Columbia's motion for a discovery deadline extension. Objections to Pl.'s Statement of Att'y Fees and Costs 9. Plaintiff billed 4.8 hours[4] regarding extension of the discovery

---

[3] Each attorney's hours billed are reduced to 65.5% of the requested amount, which represents the ratio of 9.5 (10 minus the 0.5 hours of paralegal time) to 14.5. 65.5% of 9.4 hours billed at a rate of $250 per hour is $1,539.25. 65.5% of 5.1 hours billed at a rate of $340 per hour is $1,135.77. 0.5 hours of paralegal time billed at a rate of $115 per hour is $57.50.

[4] Columbia alleges plaintiff billed 5.5 hours, but it is not clear how this number was reached. Def.'s Objections to Pl.'s Statement of Att'y Fees and Costs 9. Plaintiff's counsel's billing records show 4.8 hours in connection with the discovery

deadline after Columbia filed its motion to extend, 2 hours of which were spent drafting an opposing motion and emailing with Columbia's counsel. Decl. of Tim Eblen in Supp. of Pl.'s Statement of Att'y Fees and Costs, Ex. 1 at 4-5. The other 2.8 hours were spent researching the motion and consulting with the client.[5] Id. Considering the variety and nature of the work done, 4.8 hours is a reasonable amount of time and plaintiff's attorney's fees related to the discovery deadline will not be reduced.

Furthermore, Columbia challenges the time billed by plaintiff after Columbia made an offer of judgment. Def.'s Objections to Pl.'s Statement of Att'y Fees and Costs 10. Following the offer of judgment, plaintiff's counsel reviewed the settlement offer, strategized about settlement, met with plaintiff, drafted a settlement counter offer, reviewed discovery, conferred with co-counsel, and emailed Columbia. Decl. of Tim Eblen in Supp. of Pl.'s Statement of Att'y Fees and Costs, Ex. 1 at 4-5. Plaintiff is not required to accept Columbia's offer of judgment and, if she elects not to accept, as is the case here, it is reasonable for her attorneys to continue pursuing her case. For this reason, plaintiff's attorney's fees billed after the offer of judgment will not be reduced.

---

dispute. Decl. of Tim Eblen in Supp. of Pl.'s Statement of Att'y Fees and Costs, Ex. 1 at 4-5.

[5] Some of the time spent consulting the client included discussions of the offer of judgment. Decl. of Tim Eblen in Supp. of Pl.'s Statement of Att'y Fees and Costs, Ex. 1 at 4-5.

Columbia's final challenge to plaintiff's amount of hours billed asserts plaintiff acted in bad faith. Def.'s Objections to Pl.'s Statement of Att'y Fees and Costs 10-11. Columbia alleges plaintiff acted in bad faith by refusing Columbia's settlement offers in an attempt to "extract a windfall" and by inflating attorney's fees. Id. First, rejection of a settlement offer, standing alone, is not evidence of bad faith. Second, Columbia's bad faith argument reiterates its previous justification for reducing attorney's fees: plaintiff billed too many hours after the offer of judgment. This argument is addressed above, and the court finds plaintiff exhibited no bad faith by billing time after the offers of judgment. For these reasons, attorney's fees will not be reduced for bad faith.

Plaintiff's attorney's fees will only be reduced for hours billed on the complaint. Instead of the requested $4,141.50, plaintiff is awarded a total of $2,732.52 in fees for preparation of the complaint.

4.    Plaintiff's Level of Success

Finally, Columbia contends plaintiff's fees should be reduced based on plaintiff's limited success. Def.'s Objections to Pl.'s Statement of Att'y Fees and Costs 6-7. Plaintiff's complaint alleged damages "not to exceed $500,000." Compl. ¶ 28. Plaintiff received a settlement of $15,000, exclusive of attorney's fees and costs. Doc. 21. Columbia alleges plaintiff's fees should be reduced

because the settlement award was a mere 3% of the damages alleged in the complaint. Def.'s Objections to Pl.'s Statement of Att'y Fees and Costs 7.

When awarding attorney's fees, there is "no precise formula or method for calculating the appropriate reduction based upon the size of recovery." Clark v. Capital Credit & Collection Servs., Inc., 561 F. Supp. 2d 1213, 1222 (D. Or. 2008). The court may adjust the lodestar amount: (1) downward if the plaintiff has achieved only partial or limited success, Hensley v. Eckerhart, 461 U.S. 424, 435 (1983); or (2) upward in "rare" and "exceptional" cases. Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 478 U.S. 546, 565 (1986). However, there is a strong presumption the lodestar figure represents a reasonable fee. Miller v. L.A. Cnty. Bd. of Educ., 827 F.2d 617, 621 (9th Cir. 1987). In determining whether the lodestar is reasonable, district courts generally consider whether a party prevailed on all claims and the relationship between the relief sought and relief obtained. McGinnis v. Ky. Fried Chicken, 51 F.3d 805, 810-11 (9th Cir. 1994).

In general, when courts reduce the lodestar for level of success, it is after a case has proceeded to trial. See, e.g., id. (attorney's fees calculated based on jury award inclusive of punitive damages must be proportionally reduced following determination that punitive damages are prohibited because the fee award must be related to the plaintiff's extent of success). This

makes sense because after the trier of fact rules on the issues the district court has specific information about a party's degree of success: which claims are won or lost, and how much was recovered compared to how much was requested for each claim. Where all claims are resolved in settlement, as in this case, the court does not have the same level of information. As a result, the court cannot gauge whether plaintiff prevailed on a particular claim or issue. Nor can plaintiff's level of success be determined by reference to the recovery amount listed in the complaint because the complaint states only the upper limit of recovery, and not the damages amount plaintiff would have sought at trial. Therefore, Columbia's argument that plaintiff's recovery rate was only 3% is misguided.

The best way to measure level of success after a settlement is to compare the relief awarded to the fees sought. In general, a court will reduce attorney's fees based on level of success if no reasonable party would pay the fee amount to recover the award. McGinnis, 51 F.3d at 809-10 (no reasonable person would pay $148,000 in attorney's fees to recover $34,000). However, courts consider the reasonableness of a fee as compared to the amount of recovery differently when a statute contains an attorney's fees provision. The inclusion of such a provision in the FDCPA reflects Congress's intent to create "private attorney[s] general" who will enforce the law. Camacho v. Bridgeport Fin. Inc., 523 F.3d 973, 978 (9th Cir. 2008). Because the FDCPA mandates attorney's fees in an

effort to motivate enforcement, the court considers not only the benefit to the individual plaintiff but also the benefit to the public of an attorney taking on the case.

Applying these standards, I find attorney's fees of $13,408.52, after the reduction for time spent preparing the complaint, are reasonable compared to the $15,000 settlement award. For these reasons, attorney's fees will not be reduced based on plaintiff's level of success.

## CONCLUSION

Plaintiff's attorney's fees are reduced by $1,408.98 to $13,408.52, reflecting a 5 hour reduction in the time billed for complaint preparation. Plaintiff's request for oral argument is DENIED as unnecessary.

IT IS SO ORDERED.

Dated this _19th_ day of December 2015.

_____
Ann Aiken
United States District Judge

Page 14 - OPINION AND ORDER